William A. CROSS, Appellant
(Defendant below),

v.

Virginia L. CROSS, Appellee
(Plaintiff below).

No. 4900.

Supreme Court of Wyoming.

Nov. 8, 1978.

J. Patrick Hand, of Hand, Hand & Hand, Casper, for appellant.

Earl R. Johnson, Jr., Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

THOMAS, Justice.

This appeal is taken from only that part of a Judgment and Decree in a divorce action which adjudicates a division of property. The primary issue which is presented is whether the trial court abused its discretion in the valuation and disposition of stock in a family owned corporation which is engaged in the ranching business. Included and collateral issues are presented concerning the sufficiency of the evidence; credit for temporary alimony; the appointment of a master; and the award of attorney's fees to the plaintiff wife. We shall affirm the judgment because we conclude there was no abuse of the discretion which is vested by law in the trial court.

The appellant husband is engaged primarily in the ranching business. He is a minority, but substantial, shareholder in the family owned corporate ranching business. He also serves as a director of a bank and a member of the state legislature. He receives a salary of $1,000 per month from the ranching corporation which is supplemented by trespass fees paid for the privilege of hunting big game animals on that part of the corporate land which he manages. He is paid a fee for each director's meeting of the bank that he attends, and he receives the statutory salary and per diem for his service in state legislature. The husband was awarded custody of the son of the parties, and became responsible for his support. The appellee wife is employed as a school nurse. She receives a salary of $8,900 per year and approximately $70 per month from part-time nursing at the hospital. She was awarded custody of the two daughters of the parties, and became responsible for their support.

The parties are in accord that the property which they owned was divided as follows, with some values assigned by the court as indicated below:

| Property Item | Value | Husband | Wife |
|---|---|---|---|
| Family home in Douglas | $50,000 | - - - | All |
| 1975 Mercury Cougar automobile | $ 6,000 | - - - | All |
| 1976 Ford Granada automobile | No value specified | All | - - - |
| Furniture-family home in Douglas | $ 2,500 | - - - | All |
| Furniture-family ranch home southwest of Douglas, together with a silver tray | No value specified | All | - - - |
| Florida lands being purchased and subject to a mortgage | No value specified | All | - - - |
| Other ranch lands being purchased by husband and others | No value specified | All | - - - |
| Corporate stock in Williams H. Cross & Sons, Inc. | No value specified | All | - - - |
| 440 shares stock of the First National Bank of Douglas | $80 per share | 200 shares | 240 shares |

In addition, the Judgment and Decree required the husband to pay to the wife the sum of $72,300 in ten equal annual installments plus interest at the legal rate. The Judgment and Decree discloses a clear intention on the part of the trial court that the wife was to receive $150,000, or its equivalent in specific property, and that she was to assume no responsibility for existing debts of the parties. The husband was charged with all of the debts of the parties which he aggregates at $60,427, and in addition he was required to pay attorney's fees of $1,000 to the wife. He was charged with

the payment of two-thirds, and she was charged with the payment of one-third of the fees of the court appointed master and the appraisers who were employed by the master. Those expenses were approximately $10,000.

The issues as stated by the husband in his brief as appellant are as follows:

1. Did the trial court abuse its discretion in dividing the property of the parties?

2. Is the decision of the trial court supported by sufficient evidence?

3. Is appellant entitled to credit for alimony paid to appellee?

4. Did the trial court abuse its discretion in appointing a master and/or appraiser; and if not, was its division for payment thereof an abuse?

5. Does the record support the award of attorney fees to be paid by appellant?

The major claim of the husband is that the property division made by the court is so disparate based upon what he asserts to be a proper valuation of the corporate stock of William H. Cross and Sons, Inc., that there is a manifest abuse of discretion on the part of the trial court. His second argument is a corollary of this major claim to the effect that the evidence does not justify a valuation of corporate stock which would avoid his claim of an abuse of discretion because of the unequal disposition of the property.

The evidence does vary substantially as to the value of the corporate stock. The report of the court appointed master places the value at $311,646. That value was premised upon the inclusion in the corporate assets of land owned by the husband's parents, although apparently it was used in the ranching operation. The appraiser valued that land at $580,000, and deleting the land from the corporate assets has the effect of reducing the value of the corporate shares by 49.76 cents per share. This would leave a value of $202,300 for the husband's share, based upon the formula used in the master's report.

The accountant for the corporation testified to a value of 30.46 cents per share based on his development of a going concern value. That price would result in a valuation of the husband's stock at $66,935. He also testified to a fair market value of $1.44 per share which would result in a valuation of the husband's stock at $316,437. In addition his testimony encompassed a book value of 5.5 cents per share with a resulting value of $12,086 for the husband's stock and he stated he would advise the Crosses to sell all of their stock for 50 cents a share in liquidation of their ranch interests which would result in a valuation of the husband's stock at $109,874.[1]

In addition to the foregoing evidence the trial court had before it testimony that a brother of the husband had held a substantially equivalent ownership interest in the corporate stock, but had sold his stock to the corporation during the preceding year. The purchase price was $300,000 together with the forgiveness of $80,000 in indebtedness to the corporation. The brother who sold his stock also agreed to relinquish any right to share in the estates of his parents upon their respective deaths.

 This court steadfastly and repeatedly has refused to readjudicate property divisions made in divorce cases. In *Kane v. Kane*, Wyo., 577 P.2d 172 (1978), the rules are summarized. A division of property of parties to a marriage is accomplished by the trial court in the exercise of its discretion, and the determination it makes will not be disturbed except on clear grounds. The trial court is required to consider the factors delineated in § 20–2–114, W.S.1977. The statute mandates that the trial court "shall make such disposition of the property of the parties as appears just and equitable * * *," but that does not require an equal division. *Warren v. Warren*, Wyo., 361 P.2d 525 (1961). When due regard is given to other factors set forth in the statute a disparate property division well may be just and equitable.

---

1. All of these valuations of the husband's stock assume a 20 per cent discount on the value of the husband's shares because of his minority interest in the corporation.

The evidence here is susceptible to a conclusion that after deducting the debts charged to the husband he still was left with stock in the ranch corporation having a value of $300,000. He was charged with making ten annual payments to the wife to effect a property settlement to her of $150,-000. The integrity of the ranching corporation as a family unit was not disturbed, and the husband had preserved to him the growth potential of that business. Except for the payments to bring the share of the wife up to the $150,000 figure, the husband was not burdened with other periodic payments. Divorce seldom leaves the parties in financial circumstances as good as those they enjoyed prior to the divorce, and usually they find themselves in relatively straiter circumstances. These factors do not, however, constitute the clear grounds needed to demonstrate that the trial court's decision is unjust or inequitable. Given the evidence presented to the trial court in this case we find no basis to conclude that the trial court's determination did not conform to the standards previously announced. The evidence would permit the trial court to find a value which may have resulted in a disparity in favor of the husband. Certainly we are unable to discern either an abuse of discretion or a lack of evidence to support the trial court's determination.

We do note that the appointed master included land in the corporate assets in arriving at his fair market value determination which was not owned by the corporation. Had the provisions of Rule 53, W.R. C.P., been followed literally this might have been a matter of serious concern because the court is required to accept a master's finding of fact unless clearly erroneous. In this instance the report was not rejected in whole or in part as clearly erroneous, but the "master" was treated by all concerned as a court-appointed expert rather than a true master. It is manifest that his report was treated as evidence of the value of the corporate stock which was refuted and corroborated both by other evidence before the court. Consequently, we need not determine whether an abuse of discretion could be found in a trial court's acting on the basis of clearly erroneous information.

As to the other points raised by the husband, we do not find here the same problem with respect to post-judgment alimony as existed in *Beckle v. Beckle*, Wyo., 452 P.2d 205 (1969), and that authority is not persuasive of a requirement for a credit of prejudgment support and alimony payments such as the husband seeks. No other authority is cited in support of that contention nor with respect to the award of attorney's fees. Consequently, under our announced standards for appellate review we need not consider these points. *Stephenson v. Mitchell*, Wyo., 569 P.2d 95 (1977); and *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244 (1976). The same proposition is applicable to the claim of error arising out of an abuse of discretion in the appointment of the "master" and the division of the fees of the "master" and appraisers whom he employed. This appointment, whether as a master or an expert witness, and the corollary detail of the division of expenses are matters committed to the discretion of the trial court, and a particularly clear showing of abuse of that discretion, which is not present here, would be needed to demonstrate any error of law in those regards.

Affirmed.