Zella Fern BLANCHARD,
Appellant (Defendant),

v.

Ronald Deloss BLANCHARD,
Appellee (Plaintiff).

No. 88–190.

Supreme Court of Wyoming.

March 8, 1989.

Bruce P. Badley and Clay B. Jenkins, Badley & Rasmussen, P.C., Sheridan, for appellant.

H. Steven Brown, Brown, Raymond & Rissler, P.C. Casper, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The issue in this case is whether the district court abused its discretion in connection with its property settlement award and its refusal to award alimony to the wife in the divorce proceeding before it. Our examination of the record and our analysis of the pertinent authority persuades us that no abuse of discretion can be found. The judgment of the trial court in the Order and Decree of Divorce is affirmed.

Zella Fern Blanchard (wife) is the appellant, and she states the issues in this case to be:

"I. The district court erred as a matter of law in awarding wife only 41 percent of the marital estate when husband requested a 50/50 division, and the record is devoid of evidence to justify a disproportionate division.

"II. The district court erred as a matter of law in not granting alimony to a non-working spouse of 26 years."

Ronald Deloss Blanchard (husband), as appellee, defines the issues in this way:

"I. The district court did not err in its division of property as the division was fair and equitable.

"II. The district court did not err in refusing to grant alimony as a 50/50 distribution or alimony is not required by law.

"III. The district court erred in not granting appellee his costs and attorney's fees under Rule 68 W.R.C.P."

The divorce case was commenced by a Complaint filed by the husband on November 4, 1987. The Complaint alleged irreconcilable differences in the parties' marriage and sought, as a part of the divorce, an equitable division of the parties' assets and liabilities. The record discloses that the case proceeded with dispatch and in an atmosphere of cooperation that usually does not attend a divorce action which is appealed to this court. Early in the proceedings, on February 3, 1988, the husband submitted an offer of judgment to the wife in accordance with Rule 68, W.R.C.P. The wife refused to accept this offer, however, and the case proceeded to hearing before the district court. In the Order and Decree of Divorce, entered on June 6, 1988, the marital estate was divided, pursuant to § 20–2–114, W.S.1977, as follows, according to the summary in the wife's brief:

### HUSBAND'S PROPERTY

| | | |
|---|---|---|
| 1. Halliburton retirement accounts | $235,072.00 |
| 2. Husband's life insurance policy | 10,050.97 |
| 3. Daughter's insurance policy | 819.96 |
| | TOTAL | $245,942.93 |

### WIFE'S PROPERTY

| | | |
|---|---|---|
| 1. South Dakota rental property | $ 28,500.00 |
| 2. 13 acres of South Dakota Land | 13,569.00 |

3. Scottish bank accounts ... 76,367.00
4. Merrill Lynch account ... 33,952.00
5. E.F. Hutton account ... 7,148.00
6. J.W. Gant account ... 2,810.00
7. State Farm IRA ... 4,491.99
8. Wife's insurance policy ... 4,256.00

TOTAL $171,093.99

 The wife argues that this property division is so unequal that it manifests an abuse of discretion by the trial court, and she contends that this court must remand the case to the district court for a more equitable distribution of the property or for an award of alimony which will result in a more equitable division. The standards that pertain in this review are neither novel nor mysterious. The district court has great discretion in making a division of marital property; a just and equitable division is as likely as not to be unequal; there are no standardized rules which govern property division; and the exercise of discretion by the district court will not be disturbed except on clear grounds. *Paul v. Paul*, 616 P.2d 707 (Wyo.1980); *Cross v. Cross*, 586 P.2d 547 (Wyo.1978).

It is fair to note that the summaries presented by the wife set forth above do not encompass the entire property division. In addition to the property itemized, the husband received: a pickup truck worth several thousand dollars; miscellaneous tools and machinery worth several hundred dollars; and some personal property, including clothing, household goods, and furniture of modest value. The wife received, in addition to the property itemized: a 1969 Chevrolet automobile of disputed value; most of the household goods and furnishings from the parties' five-bedroom home which apparently are of considerable value; and she was permitted to continue to live in the parties' home in Gillette until such time as it was sold. The husband was required to satisfy the mortgage, tax and insurance payments on the home until it was sold. This obligation constituted a substantial liability because the record demonstrates that the house was purchased for $81,000; was subject to a mortgage in the amount of $77,000; and, at the time of the divorce, had a market value of approximately $65,000. The husband also was required to maintain health insurance for the wife for a period of eighteen months following the divorce. In addition, he provided the primary support for the parties' daughter who was attending college. While no specific values were assigned to many of these items, when they are factored into the property division, they well may serve to make it more nearly equal.

 In presenting her argument to this court, the wife focuses primarily upon her claim of inequity with respect to the Halliburton retirement accounts. Testimony at the hearing on the property division supported an after-tax value of the Halliburton retirement accounts in the amount of approximately $180,000. Nothing in the record indicates that the district court relied on this valuation of the retirement accounts in making the property division but, even so, the wife asserts that the district court misapplied the rule promulgated in *Dice v. Dice*, 742 P.2d 205 (Wyo. 1987). The rule of *Dice* is that in an instance in which a district court divides a retirement account between parties to a divorce, and an immediate cash payment is required, the after-tax value of the account must be used for purposes of the division. *Dice*, 742 P.2d at 208. The wife contends that the district court must have relied upon the after-tax value of the retirement accounts because of the otherwise apparent disparity of the property division. She insists that the district court completely ignored the evidence which she presented that the retirement accounts would not be diminished by taxation because provisions of the Internal Revenue Code permit the withdrawal of retirement funds and the placement of them in Individual Retirement Accounts without tax consequences.

The record in this case fails to support the wife's claim. The district court was able to achieve a fair and equitable property settlement without the necessity of dividing the retirement accounts. The wife's argument in this respect simply is not relevant. *Dice* has no significance when the retirement account is not divided. The wife also contends that the district court ignored our holding in *Broadhead v.*

*Broadhead,* 737 P.2d 731 (Wyo.1987), in which we set forth guidelines to be followed when a retirement account is divided in the course of a division of a marital estate. Here, no division of a retirement account was made, and the *Broadhead* case has no application.

The wife also urges that the district court failed to give weight to the merits of the case, which she maintains are heavily in her favor. The evidence of fault which was presented at the hearing is indeed scant. The record demonstrates that the husband sought the divorce, and the wife resisted it. Beyond that, it can be concluded only that irreconcilable differences did arise in the marriage for which neither party was to be blamed. It would seem that the principal point of contention was that the husband wished to live in South Dakota near his aging parents and in a residence that was in the country or on the outskirts of town. The wife objected to this arrangement, and the parties sought counseling but to no avail. It is true that we have held that the district court may properly consider fault, together with all other pertinent factors which are to be weighed, in a determination of property division, alimony, and award of attorney fees. *Grosskopf v. Grosskopf,* 677 P.2d 814 (Wyo.1984). In this case, however, the record fails to support a conclusion that any considerations of fault require a determination that the district court abused its discretion.

Turning to the wife's second concern about the abuse of the trial court's discretion, she maintains that in failing to award her alimony, especially in view of the husband's earning capacity and the fact that she had virtually never worked outside the home during the twenty-six year marriage, the district court committed an abuse of discretion. It is clear that an award of

alimony is within the discretion of the trial court. Section 20–2–114, W.S.1977. Our prior cases teach that, while alimony may be appropriate in some cases, an award of property is a preferable, modern substitute for alimony, *Paul,* 616 P.2d at 713. Our examination of the circumstances in this case, disclosed by the record, does not justify a conclusion that there was an abuse of discretion in the district court's failure to award alimony to the wife.

The wife also insists that the decision of the district court requiring her to pay her own attorney fees exacerbated the inequity of the property division. We simply note that the wife was given practically all of the liquid and cash assets of the parties and received a total sum that would approximate one-half of the marital estate. The question of payment of attorney fees is a part of the property division in a divorce case, and we find no abuse of discretion in the requirement that the wife pay her own attorney fees in this case. *Paul,* 616 P.2d at 707.

In a further attempt to persuade this court of the inequity of the trial court's determination, the wife speculates that because the district judge who tried the case has been involved in marital disputes of his own culminating in divorce, he must be perceived as generally biased in favor of husbands. She posits that this must be the real reason for the inequitable distribution of the property. We do not perceive the inequity in this property division that the wife claims and, furthermore, the record encompasses no evidence whatsoever which would support any allegation of bias on the part of the district judge.

The husband in this case claims that he should have been awarded costs and attorney fees in accordance with Rule 68, W.R.C.P.[1] This argument was not ad-

---

1. Rule 68, W.R.C.P., provides:
 "At any time more than ten (10) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within ten (10) days after the service of the

offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereto and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the

dressed to the district court nor was any claim made for costs and fees pursuant to the rule. Therefore, the husband's contention fails in accordance with our usual rule that an issue raised for the first time on appeal will not be considered in this court absent special circumstances. *Dennis v. Dennis,* 675 P.2d 265 (Wyo.1984). It also must fail because the husband did not perfect a cross-appeal from the Order and Decree of Divorce. Our rule is that a party who has not taken an appeal cannot attack a judgment. *State v. Weisz & Sons, Inc.,* 713 P.2d 176 (Wyo.1986); *Doenz v. Garber,* 665 P.2d 932 (Wyo.1983). If the husband's claim were recognized, his rights under the judgment would be enhanced, and he must preserve such an issue by a cross-appeal. *Broyles v. Broyles,* 711 P.2d 1119 (Wyo.1985). Because the husband did not cross-appeal and appellee did not assert this contention in the trial court, he is foreclosed from the relief he seeks in this appeal.

█ We note that the husband was willing to forego any remand to the district court on the costs and attorney fees issue provided he should be granted relief in this court pursuant to Rule 10.05, W.R.A.P. Relief pursuant to Rule 10.05 depends upon our certification that there was no reasonable cause for the wife's appeal. We have not been persuaded by the husband's brief or argument that there was no reasonable cause for the wife's appeal. We, therefore, decline to make the appropriate certification and to award relief pursuant to Rule 10.05, W.R.A.P.

The Order and Decree of Divorce entered by the district court is affirmed.

judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than ten (10) days prior to the commencement of hearings to determine the amount or extent of liability."