**James R. FORNEY, Appellant (Defendant),**

v.

**Dorothy A. MINARD, formerly Dorothy A. Forney, Appellee (Plaintiff).**

**No. 92–199.**

Supreme Court of Wyoming.

March 24, 1993.

James R. Forney, pro se.

William L. Hiser, Brown, Erickson & Hiser, Rawlins, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

In this appeal, from a post-judgment proceeding, appellant asks this court to determine if relief from the terms of a divorce decree was improperly denied. Appellant maintains the district court violated federal law by ordering the payment or assignment of 100 percent of his disposable military retirement income to his former wife. Appellant also contends the district court abused its discretion in ruling that the property disposition was not obtained by fraud and misrepresentation. We affirm the decision of the district court.

## I. ISSUES

Appellant frames the following issues for review:

1. The district court exceeded its jurisdiction under 10 U.S.C. § 1408 and abused its discretion when it ordered that appellant (defendant below) pay over one hundred percent of his U.S. Army retirement pay to the appellee (plaintiff below) as child support.

2. The district court abused its discretion when it ruled that the appellant (defendant below) had failed to show fraud or misrepresentation by the appellee (plaintiff below) under Rule 60(b), W.R.C.P.

3. The district court erred and abused its discretion when it ordered property distribution as a subterfuge for awarding the appellee a money judgment against the appellant for acts which were resolved in an earlier and separate criminal action.

Appellee styles her statement of the issues differently:

I. Does a Wyoming district court have jurisdiction over all of a divorce litigant's military disposable retired pay?

II. Did the district court abuse its discretion when it denied the Appellant's motion under Rule 60(b) when clear and convincing proof of fraud and misrepresentation was not presented and when the issues raised were not material to the court's original decision?

III. May the appellant raise issues concerning the property distribution made in the judgment and decree under the guise of a Rule 60(b) motion which have not previously been raised in any proceeding, and if so, may the district court consider the effect of the criminal activities of the appellant in making a fair and equitable property distribution?

## II. FACTS

Dorothy Minard (Minard) was granted a divorce from James Forney (Forney) in a contested proceeding on August 2, 1991.[1] Minard generally received "all personal property accumulated by the parties during their marriage except for that property which is particularly unique to [Forney]." The district court specifically awarded Minard "one hundred percent (100%) of [Forney's] United States Army Retirement Benefits." The district court stated it "intended" that the Army make direct payments to Minard of 100% of the benefits.

Under terms of the judgment and decree, Minard maintained custody of the couple's two minor children, then ages seventeen and eleven. No provisions were made for a third child of the marriage, who was an adult at the time of the divorce. Forney was denied any rights of visitation and was

1. During the marriage, Minard was known as Dorothy Forney. The judgment granting the divorce restored Minard's maiden name.

ordered not to have any contact with the two minor children. While no support or alimony obligations were stated, Forney was ordered to provide major medical insurance coverage for the minor children until their emancipation and pay one-half of all the children's medical costs not covered by insurance.[2]

After an initial period of compliance with the terms of the judgment and decree, Forney canceled the assignment of United States Army Retirement Benefits he had executed in favor of Minard. Minard responded with a petition for an order to show cause. Forney countered with a motion requesting the judgment and decree be vacated and set for a retrial. Forney contended the portion of the judgment awarding military retirement pay exceeded the jurisdiction permitted by the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 (hereinafter USFSPA or 10 U.S.C. § 1408), and was therefore void under W.R.C.P. 60(b)(4). He also claimed the terms of the property disposition had been based upon misrepresentations and fraud and should be set aside under W.R.C.P. 60(b)(3).

Following a hearing on the various motions, the district court determined that "some confusion" regarding the military retirement payments existed following the original judgment and decree. In reviewing the divorce action, the district court noted that the military retirement pay had been treated as property of the marriage and was awarded to Minard as part of the property disposition. The district court acknowledged that the language of the original judgment required clarification. Forney had waived ten percent of his total military retirement pay to receive disability payments. The district court said the intent of the original judgment and decree was to award 100% of the "disposable retirement pay." Finding jurisdiction existed, the district court denied Forney's W.R.C.P. 60(b)(4) motion, but ordered an

amendment to the judgment and decree which was filed on September 1, 1992:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judg[ ]ment and decree entered herein on August 2, 1991, be, and hereby is, amended to order that fifty percent (50%) of the Army Disposable Retirement Pay of [Forney] be paid directly by the Army to [Minard]; the remainder of [Forney's] Disposable Retirement Pay shall be paid to [Minard] directly by [Forney] by assignment or by direct deposit into her account. [Forney] shall execute said assignment or complete arrangements for direct deposit into [Minard's] account within ten days of the date of this order.

The district court determined the misrepresentation and fraud contentions of Forney were of no merit and denied any other relief.

### III. DISCUSSION

W.R.C.P. 60(b) (hereinafter Rule 60(b)) permits a court to grant relief from a final judgment or order under specific circumstances, which include, in part:

(b) *Other reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; * * * or (6) any other reason justifying relief from the operation of the judgment.

▆▆▆ Rule 60(b) should not be used as a substitute for appeal. *Paul v. Paul,* 631 P.2d 1060, 1066 (Wyo.1981). However, an order denying relief under Rule 60(b) may be appealed. *McBride v. McBride,* 598 P.2d 814, 816 (Wyo.1979). Appellate review of a district court's decision on a Rule 60(b) motion is generally limited to the

**2.** At the time of the divorce, Forney was incarcerated in the Wyoming State Penitentiary following his conviction on multiple counts of taking immodest, immoral or indecent liberties with a child. Wyo.Stat. § 14–3–105 (1986). The victims of Forney's criminal conduct were his two minor children. Forney is serving three sentences, two consecutive and one concurrent, of four to eight years each.

question of whether there has been an abuse of discretion. *State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo. 1989). The exercise of judicial discretion is not disturbed on appeal without a sufficient demonstration that discretion has been abused and the district court was clearly wrong. *Claassen v. Nord*, 756 P.2d 189, 193 (Wyo.1988). Judicial discretion is not questioned with regard to a judgment attacked under Rule 60(b)(4) which is either void or valid requiring the court to act accordingly. *Id.* The district court possesses the power to amend a judgment granting a divorce to reflect the proper value of an asset and the subsequent distribution of the property. *Dice v. Dice*, 742 P.2d 205, 206–07 (Wyo.1987).

Upon the dissolution of a marriage in Wyoming, the district court is required to divide the property of the parties.

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

Wyo.Stat. § 20–2–114 (1987). Considering the respective merits of the parties, the requirement for a "just and equitable" disposition of property does not require equal distribution to each spouse. *Williams v. Williams*, 817 P.2d 884, 886 (Wyo.1991). The determination of whether retirement benefits, vested or non-vested, constitute marital property is a matter for the district court's discretion. *Broadhead v. Broadhead*, 737 P.2d 731, 737 (Wyo.1987).

Property distribution as a result of the dissolution of a marriage is generally a matter for state law. *McCarty v. McCarty*, 453 U.S. 210, 220, 101 S.Ct. 2728, 2735, 69 L.Ed.2d 589 (1981). However, federal law, especially regarding military retirement pay, has stated some limitations. In *McCarty*, the United States Supreme Court expressly held federal law, at the time, precluded state courts from dividing military retirement pay under community property laws. *Id.* at 232–33, 101 S.Ct. at 2741. Noting the serious plight of some former spouses of military retirees, the court invited Congressional intervention to protect the former spouses. *Id.* at 235–36, 101 S.Ct. at 2743. In a direct response to *McCarty*, Congress enacted the USFSPA restoring certain rights to former spouses of military members. *See Parker v. Parker*, 750 P.2d 1313, 1314 (Wyo.1988).

The USFSPA authorizes states to treat "disposable retired or retainer pay" as marital property subject to the state court's determination of equitable distribution. *Mansell v. Mansell*, 490 U.S. 581, 584–85, 109 S.Ct. 2023, 2026, 104 L.Ed.2d 675 (1989), *cert. denied*, 498 U.S. 806, 111 S.Ct. 237, 112 L.Ed.2d 197 (1990) (quoting 10 U.S.C. § 1408(c)(1)).[3] "Disposable retired pay" is defined as "the total monthly retired pay" which a member or former member of the armed forces is entitled to receive minus some specific deductions. 10 U.S.C. § 1408(a)(4). Among those deductions are amounts of retired pay waived to receive disability benefits. 10 U.S.C. § 1408(a)(4)(B). The USFSPA, therefore, grants states the authority to treat only disposable retired pay, not the total amount of retired pay, as marital property subject to equitable distribution. *Mansell*, 490 U.S. at 588, 109 S.Ct. at 2028.

A mechanism is created by the USFSPA permitting direct payments of disposable retired pay, according to terms of a property settlement or support arrangement, to

---

**3.** The language of the USFSPA and of the *Mansell* decision apply to divisions of property performed under either equitable distribution or community property laws. *Mansell*, 490 U.S. at 585 n. 2, 109 S.Ct. at 2026 n. 2; 10 U.S.C. § 1408(a)(2)(B)(iii).

the former spouse of a member or former member of the military. 10 U.S.C. § 1408(d). Two limits are imposed on the direct pay mechanism. First, the direct payments may only be made to a former spouse who was married to a member of the military "for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay * * *." 10 U.S.C. § 1408(d)(2). *See Parker*, 750 P.2d at 1315 (holding marriage duration requirement of USFSPA restricts direct payment mechanism, not state court jurisdiction). Second, the government will only permit the direct payment mechanism to be used to distribute fifty percent of the disposable retired pay. 10 U.S.C. § 1408(e)(1).

Forney argues that the fifty percent limitation on direct payment to the former spouse restricts state court jurisdiction. Under his theory, state courts may order the former military member to pay only fifty percent of the disposable retired pay to a former spouse but no more. Forney believes his view is supported by the United States Supreme Court's *Mansell* decision. While the language of the USFSPA may not be lyrical, it is precise. We conclude neither the USFSPA nor the decision in *Mansell* support Forney's position.

The plain language of the savings clause of the USFSPA protects state court jurisdiction for equitable distributions to a former spouse of greater than fifty percent of the disposable retired pay.

*Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired pay under this section have been made in the maximum amount permitted under paragraph (1) or subparagraph (B) of paragraph (4).* Any such unsatisfied obligation of a member may be enforced by any means available under law other than the means provided under this section in any case in which the maximum amount permitted under paragraph (1) has been paid and under section 459 of the Social Security Act (42

U.S.C. 659) in any case in which the maximum amount permitted under subparagraph (B) of paragraph (4) has been paid.

10 U.S.C. § 1408(e)(6) (emphasis added). In *Mansell*, Justice Marshall, writing for the majority, stated: "[T]he savings clause serves the limited purpose of defeating any inference that the federal direct payments mechanism displaced the authority of state courts to divide and garnish property not covered by the mechanism." *Mansell*, 490 U.S. at 590, 109 S.Ct. at 2029. While we agree with Forney that the USFSPA imposes substantive limitations on state jurisdiction, such as preventing a state court from ordering a military member to retire so a former spouse can immediately receive disposable retirement pay, 10 U.S.C. § 1408(c)(3), the limitations do not restrict state jurisdiction to only fifty percent of the disposable retirement pay.

Other state courts agree with our reading of the USFSPA. In the first case to consider the issue, the Court of Appeals of Minnesota determined the limitation on direct payments contained in the USFSPA should not be construed as a limitation on the ability of state courts to order an equitable distribution of greater than fifty percent of the disposable retired pay:

A fair reading shows that the act grants states the authority to treat *all* disposable retired pay as marital property, but limits *direct government payments* to former spouses to 50 percent of disposable retired pay (65 percent for multiple court orders). That means that a state court wishing to award a former spouse more than 50 percent of disposable retired pay must order direct government payments *and* payments by the member of the military to the spouse.

*Deliduka v. Deliduka*, 347 N.W.2d 52, 55 (Minn.App.1984) (emphasis in original) (footnotes omitted). The *Deliduka* view has been adopted in Washington, *In re Marriage of Bocanegra*, 58 Wash.App. 271, 792 P.2d 1263, 1268 (1990), and in Utah, *Maxwell v. Maxwell*, 796 P.2d 403, 406 n. 6 (Utah App.1990).

The amended language of the district court's September 1, 1992 order corrects any defects in asset valuation and subsequent distribution present in the original August 2, 1991 judgment and decree. *Dice*, 742 P.2d at 206–07. Under the amended judgment, Minard receives fifty percent of Forney's *disposable* retirement pay by direct payment under the USFSPA mechanism. The remaining fifty percent of the *disposable* retirement pay is ordered to be paid to Minard by assignment or by direct deposit from Forney. Forney's disability pay is not affected which is in accord with the *Mansell* holding that, under the USFSPA, retirement pay which has been waived by the former military member to receive veteran's disability benefits is not marital property subject to distribution upon divorce. *Mansell*, 490 U.S. at 592, 109 S.Ct. at 2031. The amended judgment is valid as a matter of law; therefore, Forney is not entitled to relief under Rule 60(b)(4).

Next, Forney asserts the district court abused its discretion in ruling that no fraud or misrepresentation had been demonstrated permitting relief from judgment under Rule 60(b)(3). At the hearing on the motion, Forney offered two premises. First, Forney contended Minard had committed fraud and/or misrepresentation by holding a "garage sale" after a temporary restraining order had been issued preventing the sale of marital property. Second, Forney argued that Minard's testimony during the divorce proceeding misrepresented the amount of temporary support she received because Minard had withdrawn money from a joint bank account while Forney paid support. The record does not demonstrate that the district court abused its discretion or was clearly wrong in denying relief under Rule 60(b)(3). *Claassen*, 756 P.2d at 193.

■ Forney failed to show fraud or misrepresentation in the preservation of marital assets in violation of the temporary restraining order. At the hearing on the motion for relief, testimony was in conflict about the exact date of the "garage sale." The only support for Forney's position that the sale was conducted after the district court's temporary order was filed came from Forney's own testimony. Additionally, Forney failed to establish what marital property was disposed of at the sale.

■ Regarding the misrepresentation of support payments, Minard did not recall her exact trial testimony. Forney contended that Minard had answered a question regarding the amount of temporary child support she had received with a recital of the specific support payment amounts during the period in which the divorce was pending. Forney assumed such an answer amounted to misrepresentation because Minard was also withdrawing money from the joint account.

Forney's assumption is incorrect for two reasons. First, the couple stipulated to a temporary custody and child support agreement which was subsequently entered as an order by the district court. Wyo.Stat. § 20–2–112(b) (Cum.Supp.1992) authorizes the court to issue an order for the temporary custody of minor children and provide for "their suitable maintenance" until a final determination is made. The answer to a question of what temporary support had been provided under an order issued in accord with Wyo.Stat. § 20–2–112(b) would be a specific inquiry about support payments, not about money utilized from other marital property. Second, while Forney presented documentary evidence consisting of banking records showing withdrawals from the joint account prior to the divorce, that evidence did not demonstrate misrepresentation or fraud. The temporary restraining order permitted both Forney and Minard to "provide for the necessities of life" from their marital assets. The district court determined that Forney failed to prove the money from the joint account was used for anything besides necessary expenses. We do not find an abuse of the district court's discretion in denying Forney's motion for relief from the judgment and decree under Rule 60(b)(3).

■ In a previously unaddressed issue, Forney attempts to equate the property disposition to an improper additional punishment for his criminal conduct. If For-

ney disagreed with the property disposition, the proper remedy would have been to file an appeal at the time the original judgment and decree became final. A motion under Rule 60(b) should not be a substitute for an appeal. *Paul*, 631 P.2d at 1066. While we have no doubt that a criminal conviction, especially when the victims are other family members, creates a number of economic factors relevant to a property settlement, including the costs of victim counseling, the incarcerated spouse's lack of ability to pay support, and the reduced costs of living for the incarcerated spouse, *Hebert v. Hebert*, 475 A.2d 422, 424–25 (Me.1984), we need not address those "respective merits of the parties * * *." Wyo.Stat. § 20-2-114. The failure to raise this issue before the district court means this court will not consider it for the first time on appeal. *Kemper Architects v. McFall, Konkel*, 843 P.2d 1178, 1189 (Wyo. 1992); *Squaw Mountain Cattle Co. v. Bowen*, 804 P.2d 1292, 1296 (Wyo.1991); *Matter of Estate of McCue*, 776 P.2d 742, 745 (Wyo.1989).

## IV. CONCLUSION

The decision of the district court denying relief from judgment under W.R.C.P. 60(b) is affirmed.