This case presents an issue of first impression in this state: Does the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, prohibit the courts of this state from awarding greater than 50 percent of a military retiree's retirement pay to the other spouse as part of a division of marital property in a domestic-relations proceeding?
Kathleen M. Smallwood and Frederick K. Smallwood were married for 29 years. The husband is a retired Navy captain and is employed by a private corporation, from which he receives a salary and retirement benefits that are in addition to his military retirement compensation.
The Mobile Circuit Court divorced the Smallwoods by a judgment dated November 23, 1999. The judgment in the uncontested divorce incorporated a settlement agreement between the husband and wife pursuant to which the husband would, as a division of marital property, transfer, assign, and convey to the wife all his right, title, and interest in and to his military retirement pay. On November 29, 1999, the husband filed a postjudgment motion, in which he argued that the judgment was invalid because, he said, it violated federal law, 10 U.S.C. § 1408(e)(1), which, he asserts, limits to 50% the amount of military-retirement benefits that can be paid (that is, that can be awarded by the trial court) as alimony, child support, or a property division. The trial court denied the postjudgment motion.
Upon the husband's appeal, the Court of Civil Appeals reversed the judgment and remanded the case for further proceedings, holding that10 U.S.C. § 1408(e)(1) *Page 539 
provides that court-ordered alimony, child support, or property-division payments may not exceed 50% of a retiree's disposable retirement pay. We granted certiorari review to consider that holding.
The Court of Civil Appeals relied on dicta contained in a footnote inBilleck v. Billeck, 777 So.2d 105 (Ala. 2000). Its reliance was misplaced. Billeck involved the issue whether a trial court violates the Uniformed Services Former Spouses' Protection Act ("USFSPA") when it makes an alimony award based upon its consideration of the amount of a veteran's disability benefits. 10 U.S.C. § 1408(a)(4)(B). The present case involves an award of military retirement benefits, not military disability benefits. Further, the Court in Billeck did not directly interpret the provisions of § 1408 dealing with payment by the Secretary of a branch of the armed forces of military retirement pay to a qualified former spouse. We determine that the Court of Civil Appeals inappropriately relied on the dicta in Billeck and incorrectly interpreted § 1408 by holding that a state trial court may not award (or order a former military member to pay) more than 50% of the retiree's disposable military retirement pay. We, accordingly, reverse the judgment of the Court of Civil Appeals and remand the case.
A fundamental principle of statutory construction is that the words of a statute must be given their plain meaning. Section 1408 is entitled "Payment of retired or retainer pay in compliance with court orders". A plain reading of § 1408 indicates that it is an enforcement statute. It provides a mechanism for the enforcement of domestic-relations orders of all kinds involving the payment of child support, alimony, or a division of property. See 10 U.S.C. § 1408(a)(2)(B).
Another fundamental principle of statutory construction is that statutory provisions must be read in pari materia. Subsection 1408(b) describes effective service of process on the Secretary (of the branch of the armed services). Subsection (c) sets forth the authority for a court to treat retired pay as property of the member and spouse:
 "(1)Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. . . ."
Subsection (d) provides for payments by the Secretary concerned to, or for benefit of, a spouse or a former spouse.
Subsection (e) provides the limitations on the requirements of this section:
 "(1) The total amount of the disposable retired pay of a member payable under all court orders pursuant to subsection (c) may not exceed 50 percent of such disposable retired pay."
10 U.S.C. § 1408(e)(1). The question then becomes: "payable" by whom? A reading of the remainder of subsection (e) is instructive. Subsection (e)(2) addresses multiple court orders, court orders requiring payment to more than one former spouse and the priority of payment of such multiple orders (which shall be on a first-come, first-served basis). Subsections (3) and (4) further address such issues and make it clear that the entire section refers to payments made by the Secretary of the appropriate branch of the armed services and not payments by the former service member.
Specifically, subsection (e)(6) provides:
 "Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired *Page 540 
pay under this section have been made in the maximum amount permitted under paragraph (1) or subparagraph (B) of paragraph (4). Any such unsatisfied obligation of a member may be enforced by any means available under law other than the means provided under this section in any case in which the maximum amount permitted under paragraph (1) has been paid and under section 459 of the Social Security Act (42 U.S.C. § 659) in any case in which the maximum amount permitted under subparagraph (B) of paragraph (4) has been paid."
10 U.S.C. § 1408(e)(6).
Further, evidence that the 50% restriction set forth in subsection (e)(1) is a restriction on the amount that can be ordered paid by the Secretary, as opposed to that which may be ordered paid by a former service member, is found in subsection (e)(4)(B), which provides:
 "Notwithstanding any other provision of law, the total amount of the disposable retired pay of a member payable by the Secretary concerned under all court orders pursuant to this section and all legal processes pursuant to section 459 of the Social Security Act (42 U.S.C. § 659) with respect to a member may not exceed 65 percent of the amount of the retired pay payable to such member that is considered under section 462 of the Social Security Act ( 42 U.S.C. § 662) to be remuneration for employment that is payable by the United States."
10 U.S.C. § 1408(e)(4)(B). The 50% payment limitation for one order and the 65% payment limitation for multiple orders is identical to that set forth in the "Income Withholding Orders for Payment of Child Support and/or Alimony" provided for by our state statutes. See Ala. Code 1975, § 30-3-60 et seq.
Other state appellate courts have examined the issue whether § 1408 is primarily an enforcement statute. The Idaho Supreme Court in Beesleyv. Beesley, 114 Idaho 536, 758 P.2d 695 (1988), quoted the California Supreme Court:
 "USFSPA's statutory title, Payment of retired or retainer pay in compliance with court orders, signifies that it is basically concerned with the garnishment of military retirement pay. As a federal garnishment statute, `the disposable earnings [limitation does not affect] the size of the retiree's legal obligation to the ex-spouse, but only places limitations on monies that can be directly collected from the government employer in a pay period. (See Evans v. Evans, (W.D.Okla. 1976), 429 F. Supp. 580).' Casas [v. Thompson, 42 Cal.3d 131, 149, 720 P.2d 921, 930, 228 Cal.Rptr. 33,44 (1986)]."
114 Idaho at 540, 758 P.2d at 698-99 (1988).
The Minnesota Court of Appeals has held that 10 U.S.C. § 1408(e) applies only to direct Government payments. Deliduka v. Deliduka,347 N.W.2d 52 (Minn.App. 1984).
In Deliduka, the first case to consider the issue, the Court of Appeals of Minnesota determined that the limitation on direct payments contained in the USFSPA should not be construed as a limitation on the ability of a state court to order an equitable distribution of greater than 50% of disposable retired pay:
 "A fair reading shows that the act grants states the authority to treat all disposable retired pay as marital property, but limits direct government payments to former spouses to 50 percent of disposable retired pay (65 percent for multiple court orders). That means that a state court wishing to award a former spouse more than 50 percent of disposable retired pay must order direct government payments and
payments by the member of the military to the spouse." *Page 541 
Deliduka, 347 N.W.2d at 55 (footnotes omitted). The Deliduka view has been adopted in Washington, In re Marriage of Bocanegra, 58 Wn. App. 271,792 P.2d 1263, 1268 (1990), and in Utah, Maxwell v. Maxwell, 796 P.2d 403,406 n. 6 (Utah App. 1990).
The Supreme Court of Wyoming has noted that the United States Supreme Court has recognized, that the USFSPA created only a "payments mechanism" under which the Federal Government will make direct payments to a former spouse pursuant to a state court order. Mansell v. Mansell, 490 U.S. 581,585 (1989). The Supreme Court of Wyoming proceeded to hold that the limitations of 10 U.S.C. § 1408 do not restrict state jurisdiction to only 50% of the disposable retirement pay. Forney v. Minard, 849 P.2d 724
(Wyo. 1993). The Court, 849 P.2d at 729, quoted Justice Marshall, the author of the majority opinion in Mansell: "[T]he saving clause [§ 1408(e)(6)] serves the limited purpose of defeating any inference that the federal direct payments mechanism displaced the authority of state courts to divide and garnish property not covered by the mechanism."Mansell, 490 U.S. at 590.
Analogous to the 50% restriction at issue in this case is the "10-year" limitation of § 1408(d)(2), which provides:
 "If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired pay of the member as property of the member or property of the member and his spouse."
10 U.S.C. § 1408(d)(2).
A number of other states have addressed the 10-year requirement of the statute, and a majority of those states has held that10 U.S.C. § 1408(d)(2) governs only the method of payment and does not preclude the division of military pensions where the 10-year requirement has not been met. See, e.g., Beltran v. Beltran,183 Cal.App.3d 292, 227 Cal.Rptr. 924, 927 (1986) (holding that the 10-year requirement acts only as limitation on direct payments from the Government to the former spouse); Levine v. Spickelmier, 109 Idaho 341,707 P.2d 452, 455 (1985) (same); Carranza v. Carranza, 765 S.W.2d 32,33-34 (Ky.Ct.App. 1989) (holding that the 10-year requirement is not a barrier to the division of a pension, but a factor to be considered in determining how entitlement will be collected); Cook v. Cook,18 Va. App. 726, 729, 446 S.E.2d 894, 896 (1994) (same); Parker v.Parker, 750 P.2d 1313, 1314 (Wyo. 1988) (holding that the 10-year requirement is a limitation only on direct payments to the former spouse).
We agree with the majority of the courts that have considered the issue; we conclude that § 1408 is a "direct-payments mechanism" or "enforcement mechanism" — and we hold that it does not prohibit a trial court from awarding more than 50% of a former service member's disposable military retirement pay as child support, alimony, and/or part of a division of marital property. Accordingly, we reverse the judgment and remand this cause for the Court of Civil Appeals to affirm the judgment of the trial court.
REVERSED AND REMANDED.
Moore, C.J., and Houston, See, Brown, Harwood, and Woodall, JJ., concur. *Page 542 
Lyons, J., concurs in the result.
Johnstone, J., dissents.