Jack HANSEN, Appellant (Defendant),

v.

**SHERIDAN COUNTY SCHOOL DISTRICT # 2, Appellee (Plaintiff).**

No. 92–180.

Supreme Court of Wyoming.

March 2, 1993.

Nicholas Vassallo and Harold F. Buck of Buck Law Offices, Cheyenne, for appellant.

Fred R. Dollison of Shoumaker & Dollison, Sheridan, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN, and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Jack Hansen appeals from the district court's order granting a summary

judgment in favor of Appellee Sheridan County School District # 2 on its claim that Mr. Hansen was not entitled to receive any preference in being rehired under the School District's reduction-in-force (RIF) policy.

We affirm.

Mr. Hansen presents a single issue for our review:

Does Jack Hansen's recovery against the School District, for failure to properly follow its RIF policy when it terminated him, foreclose him from later pursuing a claim against the School District for the breach of its separate contractual obligation to re-hire Mr. Hansen upon the occurrence of specified conditions?

The School District employed Mr. Hansen as a welding teacher from 1974 until the spring of 1988. His employment contract with the School District included a RIF policy. That policy allowed the School District to reduce the number of teachers when it became necessary due to reduced enrollment or other events beyond the school board's control. Under the RIF policy, nonrenewal of teachers' contracts was to be accomplished on the basis of seniority with some minor exceptions which are not applicable in this case. Those teachers whose contracts were not renewed under the RIF policy were entitled to "be recalled in order of nonrenewal as positions they are qualified for become available for a period of 5 years."

In April 1988, Mr. Hansen received a letter from the School District notifying him that, due to a lack of enrollment and reduced funding, his contract was not being renewed under the RIF policy. Mr. Hansen responded by filing suit against the School District in federal district court for, among other things, a breach of contract. He claimed that the School District violated its RIF policy by renewing the contracts of other teachers who had less seniority than he had. He sought to recover damages for his lost wages and fringe benefits, both past and future. A jury agreed with Mr. Hansen and awarded $90,000 to him for the School District's breach of contract.

Following the breach-of-contract verdict in federal district court, the School District brought a declaratory judgment action against Mr. Hansen in state district court to determine whether the RIF policy still obligated it to give a preference to Mr. Hansen when it was rehiring. The School District's position was that, since Mr. Hansen had already recovered damages for all potential future employment with the School District, he was no longer entitled to receive preferential treatment under the RIF policy's rehire provisions. Mr. Hansen filed several counterclaims, including breach of contract for failure to rehire, promissory estoppel, and retaliatory failure to rehire. He moved for a summary judgment on his breach-of-contract claim, and the School District moved for a summary judgment on its declaratory judgment action. Following a hearing on the respective motions, the district court entered a summary judgment for the School District and against Mr. Hansen on his counterclaims. Mr. Hansen has appealed from only the district court's grant of a summary judgment to the School District.

We have repeated our standard of review for summary judgments innumerable times and do not need to reiterate it here. *Powder River Oil Company v. Powder River Petroleum Corporation*, 830 P.2d 403, 406–07 (Wyo.1992).

The summary judgment order contained two conclusions which explain why the lower court ascertained that Mr. Hansen was precluded from bringing an action to enforce the rehire provisions:

A. The verdict and judgment in [the federal suit], for past and future wages, resulted in Hansen being paid for all future years he might have worked for the School District.

B. The "employment contract" represented by the RIF policy was terminated by the verdict and judgment in [the federal suit], insofar as the District's obligation to re-hire Hansen is concerned.

Mr. Hansen views the court's reasoning as being ambiguous, but he concludes that the court relied on the doctrines of res judicata and/or impermissible claim splitting to

reach its decision. He contends that the doctrine of res judicata should not bar him from bringing a subsequent claim for breach of the rehire provisions because the School District had not yet violated those provisions when he brought his initial suit.

Mr. Hansen may be correct that the doctrine of res judicata does not bar him from bringing a claim for breach of the rehire provisions. However, we understand the district court's rationale for granting a summary judgment to be grounded in the simple prohibition against a double recovery of damages rather than on the intricate complexities of the doctrine of res judicata. The lower court's reasoning is appropriate under the facts of this case. When Mr. Hansen brought his federal suit against the School District for failing to renew his contract, he sought both past and future damages. The jury was instructed:

> If you find that plaintiff is entitled to a verdict, the amount of damages to be awarded to the plaintiff for future lost wages and fringe benefits must be based upon the period of time that you determine would be a "reasonable time" for plaintiff's employment with Sheridan County School District No. 2 to continue, considering the facts and circumstances of this case.

The jury returned a verdict in favor of Mr. Hansen for $90,000. When Mr. Hansen was released by the School District, he was earning $30,000 per year and, at the time of the verdict, he had been unemployed for two years. Presumably, the jury's verdict awarded $60,000 for past wages and benefits and $30,000 to compensate for the time during which the jury thought Mr. Hansen would have been employed by the School District in the future.

If Mr. Hansen had the ability to subsequently sue for a breach of the rehire provision after already recovering damages for loss of future employment, he would be placed in the enviable position of possibly recovering twice from the School District for future employment: once in the federal suit when he recovered wages and benefits for all the future years he might have worked for the School District, and a second time if he recovered for not being given preference under the RIF policy's rehire provisions. Such a scenario is incompatible with the fundamental principle that, when assessing damages, an injured party is entitled to be compensated for his loss and no more. *UNC Teton Exploration Drilling, Inc. v. Peyton*, 774 P.2d 584, 592 (Wyo.1989). *See also Western National Bank of Casper v. Harrison*, 577 P.2d 635 (Wyo.1978) (double recoveries are not favored).

Mr. Hansen responds to the double-recovery claim by arguing that the School District failed to establish that he was fully compensated for potential claims under the RIF policy's rehire provisions. He points out that the jury's future damage award was relatively small. One explanation for the small measure of future damages is that the jury reduced his future damages under the impression that he would be quickly rehired pursuant to the rehire provisions. To bolster this explanation, Mr. Hansen claims that witnesses in the federal trial testified that the rehire provisions would remain in force after the trial (although there is no transcript of the trial, and he is unsure who the witnesses were or what they said).

The gist of Mr. Hansen's argument appears to be that, if the jury failed to fully compensate him in the federal suit for future wages, then a successful action under the rehire provision would not constitute a double recovery. The difficulty with this argument is that the court instructed the jury that, if Mr. Hansen is entitled to a verdict, he should be awarded future wages and benefits for the reasonable length of time the jury thought his employment with the School District would have continued. We must presume that the jury faithfully followed the court's instruction and awarded damages for the projected length of time. *Goggins v. Harwood*, 704 P.2d 1282, 1295 n. 17 (Wyo.1985). It would be inappropriate for this Court to blindly speculate that the jury reduced Mr. Han-

sen's award because it presumed that he might be rehired. The award could reflect an endless number of equally plausible explanations; e.g., the jury concluded that Mr. Hansen's award should be reduced because he could obtain other gainful employment.

Affirmed.