STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, Division of Public Assistance and Social Services, ex rel. MJJ, Appellant (Petitioner),

v.

PAJ and MJA, Appellees (Respondents).

No. C–96–2.

Supreme Court of Wyoming.

March 20, 1997.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Cynthia L. Harnett, Assistant Attorney General, Cheyenne, for Appellant.

Richard D. Gist, Lander, for Appellee, PAJ.

MJA, Pro Se.

Before THOMAS, MACY, GOLDEN* and LEHMAN, JJ., and SULLINS, District Judge.

SULLINS, District Judge.

The claim of error in this case concerns the decision of the district court to vacate its earlier determination and judgment of paternity. Appellee, PAJ, was adjudged in uncontested paternity proceedings to be the natural father of the minor child, MJJ. Several months later, PAJ discovered information that led him to believe he was not the natural father of the minor child. Based upon that information, PAJ moved for relief from the judgment of paternity. After consideration of the evidence presented in support of the motion, which included the mother's admission that PAJ was not the natural father of the minor child and the results of DNA blood testing which excluded PAJ from being the biological father, the district court set aside its prior adjudication of paternity. We affirm that decision.

* Chief Justice at time of oral argument.

## I. ISSUES

Appellant, State of Wyoming, Department of Family Services, Division of Assistance and Social Services, ex rel., MJJ (State), presents these issues on appeal:

I. Do the doctrines of res judicata and judicial estoppel preclude the district court's vacating the judgment and order of paternity and support?

II. Did the court properly find actions of appellee [MJA] constituted fraud, misrepresentation, and other misconduct such as to afford relief to appellee [PAJ] under W.R.C.P. 60(b)?

III. Did the court properly find actions of appellee [PAJ] constituted mistake, inadvertence, and excusable neglect[?]

IV. Did the court properly find there was no presumption of paternity under Wyo. Stat. § 14-2-102(c)?

PAJ adopts the same issues as recited and presented by the State.

## II. FACTS

In the summer of 1993, MJA was in the process of divorcing her husband of three years. She dated men other than her husband. One of those men was PAJ, and she had a sexual relationship with him. When MJA discovered she was pregnant, she told PAJ that he was the father of the expected child. MJA made that statement despite the fact she believed another man she had dated before meeting PAJ was the likely father.

Having been told that he was the father, PAJ accompanied MJA to the hospital when it was time for the child's birth. A baby girl, MJJ, was born in March of 1994. In the hospital, MJA signed an affidavit wherein she declared that she was not married at the time the child was conceived. Such was not true, as MJA was still married at the time of conception. PAJ also signed an affidavit acknowledging his paternity of the minor child.

In April 1994, the State initiated an action to establish the paternity of the minor child. The State's petition was not resisted. After a hearing in June 1994, a judgment of pater-

nity and support was entered establishing that the man to whom MJA was married was not the biological father of the minor child, adjudicating PAJ to be the natural father of the minor child, and ordering PAJ to pay child support and maintain health and medical insurance for the minor child.

Many months following the entry of the decree of paternity, PAJ found reason to suspect that he might not be the father of the minor child. Third parties informed PAJ that MJA had been sexually involved with yet another man before she had met PAJ, and that the other man was the likely father of the minor child. PAJ went to the hospital where the minor child was born, and found that the minor child's medical records indicated that conception had occurred prior to the time that MJA and he first met.

Within a year after the entry of the decree of paternity, PAJ filed a motion for relief from that judgment. The motion was brought pursuant to W.R.C.P. 60(b) on the grounds of fraud and excusable neglect.

Filed with the motion for relief from judgment was the affidavit of MJA. MJA's affidavit recited that she met PAJ on approximately July 2, 1993; she did not have sexual intercourse with PAJ until the middle of July 1993; she was married to another man until that marriage was terminated by divorce granted July 21, 1993; and she told PAJ more than once that "the child was his" when she suspected that the father was yet another man with whom she had sexual intercourse in the latter part of May 1993 or the first part of June 1993. The reason for her deception was her desire to protect the man she actually thought to be the father because he was married. Also filed were copies of the minor child's medical records indicating that the conception of the minor child was prior to the time PAJ had sexual intercourse with MJA.

The district court granted PAJ's motion for relief from judgment. The order granted the motion to set aside the prior decree of paternity, and required PAJ and the minor child to undergo DNA paternity blood testing. A paternity evaluation report reflecting the results of the testing was filed and the results excluded PAJ as the biological father of the minor child by DNA typing technology.

After the results of the blood testing were received, the matter returned for hearing before the district court. At the conclusion of that hearing, the district judge ruled that PAJ's request for relief from the judgment and order of paternity and support should be granted. The findings of the district court included a chronology of facts that excluded PAJ from having sexual contact with MJA at the time of the minor child's conception, and a determination that the DNA blood testing excluded PAJ from being the biological father of the minor child. In addition, the order included the following conclusions of law:

9. That the requirements of Section 14–2–102(c), Wyoming Statutes 1977, have not been complied with and therefore there is no presumption of paternity pursuant to Section 14–2–10[2](c) or (d) or (e) Wyoming Statutes 1977, that respondent/petitioner, [PAJ], is the natural father of the minor child, [MJJ].

10. That the *actions* of respondent, [MJA], as established by all pleadings filed herein constitutes and establishes fraud, misrepresentation and other misconduct on the part of respondent, [MJA], who is an adverse party to the respondent/petitioner, [PAJ], as required by and pursuant to Rule 60(B) of the Wyoming Rules of Civil Procedure.

11. The facts established by all pleadings filed herein constitute and establish mistake, inadvertence and excusable neglect on the part of respondent/petitioner, [PAJ], in all his prior acknowledgments of paternity of the minor child, [MJJ] and for not raising the issue of paternity prior to the filing of his motion for relief herein on April 13, 1995.

## III. STANDARD OF REVIEW

The standard of review applicable to motions brought under W.R.C.P. 60(b) is well established. The granting of relief pursuant to that rule is a matter of the exercise of discretion by the trial court, and appellate review is limited to the question of whether

the trial court abused its discretion. *Carlson v. Carlson,* 836 P.2d 297, 301 (Wyo.1992) (*quoting S.C. Ryan, Inc. v. Lowe,* 753 P.2d 580, 582 (Wyo.1988)). A court abuses its discretion when it exceeds the bounds of reason or commits an error of law, with the ultimate standard being whether or not the court could have reasonably concluded as it did. *Sharpe v. Sharpe,* 902 P.2d 210, 213 (Wyo.1995).

The appellant bears the burden of proof to show that the trial court abused its discretion and was clearly wrong in granting relief under W.R.C.P. 60(b). *Claassen v. Nord,* 756 P.2d 189, 193 (Wyo.1988). Absent such showing, the relief awarded by the trial court should be upheld. *Id.* at 193–94.

## IV. DISCUSSION

The State urges that PAJ should have been preempted from obtaining relief from the prior adjudication of paternity in this case because of the doctrines of *res judicata,* collateral estoppel and judicial estoppel. We do not find those doctrines applicable to the W.R.C.P. 60(b) relief granted in this matter where the district court vacated its earlier judgment of paternity in the same action and pursuant to the express authority of the Wyoming Rules of Civil Procedure.

The doctrines of *res judicata* and collateral estoppel bar subsequent actions. *Res judicata* bars relitigation of previously litigated claims or causes of action, and collateral estoppel bars relitigation of previously litigated issues. *Tenorio v. State ex rel. Wyoming Workers' Compensation Div.,* 931 P.2d 234, 238 (Wyo.1997) (*quoting Slavens v. Board of County Com'rs for Uinta County,* 854 P.2d 683, 685–86 (Wyo.1993)). As recognized in this state, these doctrines incorporate a universal precept of common law jurisprudence to the effect that a " 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies.' " *Matter of Paternity of SDM,* 882 P.2d 1217, 1220 (Wyo.1994) (*quoting Montana v. United States,* 440 U.S. 147,

153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)).

In accord with this reasoning is the pronouncement of this court that "[c]ollateral estoppel prevents relitigation of issues actually and necessarily involved in the prior action between the same parties." *Burlington Northern R. Co. v. Dunkelberger,* 918 P.2d 987, 991 (Wyo.1996). The motion for relief from judgment in this action was brought in the original litigation and cannot be said to constitute a relitigation of the issues presented.

With respect to the principle of judicial estoppel, it has been stated:

"It is an expression of the maxim that one cannot blow hot and cold in the same breath. A party will just not be allowed to maintain inconsistent positions in judicial proceedings * * *."

*Dunkelberger,* 918 P.2d at 991–92 (*quoting Allen v. Allen,* 550 P.2d 1137, 1142 (Wyo. 1976)). Prior case law has established the principle that a party is judicially estopped from asserting inconsistent positions in different judicial proceedings. *Zwemer v. Production Credit Ass'n of Midlands,* 792 P.2d 245, 246 (Wyo.1990). Under this definition, inconsistent claims made within a judicial proceeding do not create a judicial estoppel issue. *B & R Builders v. Beilgard,* 915 P.2d 1195, 1200 (Wyo.1996). While PAJ did change his position after the entry of the initial paternity decree in this case, he at no point in time maintained inconsistent positions in different judicial proceedings. PAJ simply sought the relief available to him in this action in accord with the procedural rules applicable to all civil cases.

The State's assertion that the district court erred in not applying the doctrines of *res judicata* and judicial or collateral estoppel must fail. In the matter at hand, there was no prior suit or action, and the relief granted to PAJ pursuant to W.R.C.P. 60(b) was granted in the same case in which the original paternity decree was entered. The principles and authorities of W.R.C.P. 60(b), therefore, had application in this case to set aside the district court's decision, in whole or in part, on the basis specified under the rule.

*Kreuter v. Kreuter,* 728 P.2d 1129, 1132 (Wyo.1986).

In its next argument, the State asserts that the district court abused its discretion in granting relief pursuant to W.R.C.P. 60(b) because the circumstances presented in this case do not warrant such relief. The State argues there was no sufficient showing of fraud or excusable neglect to support the finding that relief from judgment was appropriate.

> W.R.C.P. 60(b) provides, in relevant part: On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * *.

Appellate review of a district court's decision on a W.R.C.P. 60(b) motion is generally limited to the question of whether there has been an abuse of discretion. *Forney v. Minard,* 849 P.2d 724, 727–28 (Wyo. 1993). Under the Wyoming Rules of Civil Procedure, the district court is given wide discretion which will not be disturbed " 'unless appellant demonstrates that the trial court abused it and was clearly wrong.' " *Doctors' Co. v. Insurance Corp. of America,* 864 P.2d 1018, 1030 (Wyo.1993) (*quoting Vanasse v. Ramsay,* 847 P.2d 993, 996 (Wyo. 1993)).

In its order granting PAJ's motion for relief from the judgment of paternity, the district judge made the following findings of fact:

> 7. That the respondent, [MJA], knowingly concealed from respondent, [PAJ], that she had had sexual intercourse with another man in late May or early June, 1993, while she was, in fact, married to a third man. That this sexual intercourse occurred before respondent, [MJA], and respondent, [PAJ], first had sexual intercourse with one another in the middle of July, 1993. The respondent, [MJA], became pregnant with the minor child, [MJJ], in early June 1993. That respondent, [MJA], repeatedly, after telling respondent, [PAJ], she was pregnant, told him the child was his because she had not had sexual contact with anyone else.
>
> 8. That the DNA blood testing excludes respondent, [PAJ], from being the biological father of the minor child, [MJJ][.]

It cannot be said that the above findings of fact are erroneous in any way. The misrepresentations made to PAJ are documented in the verified motion, affidavit, and medical records filed in this case. The State presented no opposing facts. Therefore, it is easily concluded that there is "clear and convincing evidence" to support the findings of fraud, misrepresentation, and other misconduct on the part of MJA, and mistake, inadvertence, and excusable neglect on the part of PAJ in this case. *Little v. Kobos By and Through Kobos,* 877 P.2d 752, 755 (Wyo.1994).

This court has recognized that fraud requires a false representation made by a party which is relied upon by another to his damage or detriment. *Osborn v. Emporium Videos,* 870 P.2d 382, 383 (Wyo.1994) (*quoting Lavoie v. Safecare Health Service, Inc.,* 840 P.2d 239, 252 (Wyo.1992)). The district court's findings in this case list unchallenged, specific false representations made by MJA to PAJ concerning the paternity at issue. Under the circumstances presented, it is rational to believe that those false representations did induce action by PAJ because he reasonably believed them to be true. *Husman, Inc. v. Triton Coal Co.,* 809 P.2d 796, 799 (Wyo.1991) (*quoting Garner v. Hickman,* 709 P.2d 407, 410 (Wyo.1985)). It was reasonable for PAJ to then not contest the same until he was made aware of facts to the contrary.

The facts of record in this appeal also support the finding of mistake, inadvertence, and excusable neglect attributable to PAJ. The scenario presented clearly demonstrates both mistake and inadvertence on PAJ's part. Further, PAJ's actions constitute excusable neglect since such were in comport

with " 'such behavior as might be the act of a reasonably prudent person under the circumstances.' " *Whitney v. McDonough*, 892 P.2d 791, 794 (Wyo.1995) (*quoting Carlson*, 836 P.2d at 303). The State urges that PAJ did not act diligently in ascertaining the true state of affairs concerning the paternity of the minor child. However, the facts presented do not support that position. PAJ did act prudently and diligently in ascertaining the true state of affairs concerning the paternity of the minor child as soon as he had reason to believe that there was a mistake and that MJA had been untruthful. After being made aware of the deception, PAJ proceeded to investigate the suspicions raised concerning his fatherhood of the minor child, and he then sought judicial relief pursuant to W.R.C.P. 60(b) within the prescribed one-year limit from the date the judgment was entered.

■ The final argument asserted by the State is that the district court improperly found that there was no presumption of paternity under Wyo. Stat. § 14–2–102(c) (Cum.Supp.1996). The State's position is that the disjunctive phrasing of the statute providing "[t]he consent of the mother shall include an affidavit stating that she was not married at the time of conception or at the time of birth of the child," requires an interpretation that the affidavit is valid if the mother was not married at the time of the child's birth, even if she was married at the time of conception.

■ PAJ, however, submits that the clear meaning of the quoted statutory provision is that the mother cannot file the consenting affidavit provided for in Wyo. Stat. § 14–2–102(c) if she is married either at the time of conception or at the time of birth of the child. In fact, MJA's affidavit contained the following language: "Under Wyoming Statute 35–1–411 this affidavit may only be filed if the mother was not married at the time of conception or birth of this child." We agree with PAJ that the district court's conclusion

of law is correct, and there can be no presumption of paternity pursuant to Wyo. Stat. § 14–2–102(c), (d), or (e) mandating PAJ to be the natural father of the minor child.

The general rules of statutory construction apply to the interpretation of Wyoming's paternity statutes, and as noted in *Matter of Paternity of JRW*, 814 P.2d 1256, 1262–63 (Wyo.1991) (*quoting Deloges v. State ex rel. Wyoming Workers' Compensation Div.*, 750 P.2d 1329, 1331 (Wyo.1988)), those rules include:

> "Our general rules of statutory construction are well settled. If the language of a statute is clear and unambiguous, we must abide by the plain meaning of the statute, * * * but where a statute is ambiguous, the court will resort to general principles of statutory construction in an attempt to ascertain legislative intent. * * * Furthermore, it is a fundamental rule of statutory interpretation that all portions of an act must be read in pari materia, and every word, clause, and sentence must be construed so that no part is inoperative or superfluous. * * * Additionally, we have held that this Court must assume that the legislature did not intend futile things, * * *, and that statutes should not be interpreted in a manner producing absurd results."

Applying those rules of construction to the situation presented in this appeal, it is proper to conclude that MJA's affidavit cannot be used to establish a statutory presumption of PAJ's paternity. The proper reading of Wyo. Stat. § 14–2–102(c), when read in accordance with the related paternity statute found at Wyo. Stat. § 35–1–411 (1994), is that the mother cannot file such affidavit of paternity if she was married either at the time of conception or the time of birth of the child.[1] The statute is clear and unambiguous and, therefore, we must abide by its plain meaning.

---

1. Wyo. Stat. § 35–1–411 provides, in pertinent part:

    (a) If the mother was married either at the time of conception or birth of child, the name of the husband shall be entered on the certificate as the father of the child, unless paternity has been determined otherwise by a court of competent jurisdiction, in which case the name of the father as determined by the court shall be entered.

## V. CONCLUSION

PAJ unfortunately, but not without cause, relied upon the false representations of MJA in accepting the minor child to be his own. When he discovered the falsehood of those representations, he acted diligently in seeking to reverse the acknowledgment of paternity he had made, and in seeking relief from the court in which the decree of paternity had been entered. The district court was correct in granting relief from its prior determination of paternity pursuant to W.R.C.P. 60(b) on the grounds of fraud, mistake, and excusable neglect. Therefore, we affirm the district court's order vacating the judgment and order of paternity and support.